# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SP PLUS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DAVIS DINIZ,<br><br>    Defendant. | Case No. 25-cv-02563 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT DAVIS DINIZ [EXPEDITED]

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff SP Plus LLC ("SP Plus" or the "Company") hereby propounds its First Set of Interrogatories to Defendant Davis Diniz ("Diniz") as set forth below and requests that Diniz serve his responses in writing to counsel for SP Plus pursuant to the Federal Rules of Civil Procedure or as may be ordered by the Court pursuant to SP Plus's Emergency Motion for Expedited Discovery.

These Interrogatories shall be of a continuing nature, and Diniz's responses thereto shall be supplemented from time to time as required by the Federal Rules of Civil Procedure.

### INTRODUCTION AND DEFINITIONS

The definitions set forth in SP Plus's First Request for Production of Documents, served concurrently herewith, shall also apply to these Interrogatories.

In addition, the following instructions and definitions apply herein:

A. When asked to "identify" any corporation, partnership, business entity, or other "person," Diniz is requested to name the person or entity and provide at least sufficient information to enable the person or entity to be subpoenaed, including present or last known

**Exhibit B**

address or telephone number, occupation, job title, business affiliation and/or nature of business.

B. When used in conjunction with the term "document" or "documents," "identify" or "describe" shall mean to provide sufficient identity information to enable the document to be subpoenaed, including: its title and/or subject matter; its date; its author or person signing the document; and the name and address of its present custodian. When the identification and description of the documents are requested, Diniz may, in lieu of identifying and describing the documents, attach legible copies of the documents to the responses to the Interrogatories, provided that each document is appropriately marked to identify the Interrogatory to which the document is responsive.

C. If in response to any Interrogatory there is any response that is not fully given because of a claim of privilege or "work product," describe the substance or content of the underlying information for which a privilege is asserted and the basis for the claim of privilege with sufficient detail to permit evaluation of the claim. You are required to answer the Interrogatory to the extent that it is not subject to the objection or privilege.

D. These Interrogatories are deemed continuing to the extent provided by the Federal Rules of Civil Procedure. If after answering these Interrogatories Diniz obtains or becomes aware of any further responsive information, SP Plus requests that Diniz update and amend his responses herein.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1. Identify all SP Plus documents, materials, information (including information belonging to SP Plus's customers), devices, or other property, whether in electronic or physical form (including, but not limited to, backup or other online third-party storage accounts such as Google Docs, SharePoint, iCloud, Dropbox, Mozy etc.), that are in Diniz's possession, custody,

or control (which includes the possession, custody, or control of Diniz's counsel).

2. Identify all electronic devices (whether personal or issued to Diniz by a company for business use) which Diniz has, or ever has had, in his possession, custody or control, which Diniz used for any business purposes during his employment with SP Plus. For each device, indicate whether the device is in Diniz's possession currently, the location of the device, and whether he currently has access to files or data contained within the device.

3. Identify all phone numbers, personal email addresses; backup or other online third-party storage accounts (such as Google Docs, SharePoint, iCloud, Dropbox, Mozy etc.) and usernames; social media account usernames; professional networking site account usernames; or, any other messaging services and usernames that Diniz has used, accessed, owned or maintained during his employment with SP Plus and through the present. Please include any accounts owned or utilized by others, including Diniz's family, friends or colleagues, that have been used to communicate on Diniz's behalf or at Diniz's direction.

4. Explain why Diniz made permission changes to SP Plus documents on January 23 and 24, 2025 as described in Paragraph 62 of the Verified Complaint, including, but not limited to, the identity of anyone at SP Plus from whom Diniz sought or received authorization to do so and what Diniz did with those documents once they were shared to his @live.com personal email account.

5. Identify all individuals (including, but not limited to, current and former SP Plus employees or agents, current and former Five Diamond employees or agents, and current and former USA Transportation employees or agents) with whom Diniz communicated including, but not limited to, via email or text message, concerning any employment, prospective employment, and/or consulting relationship with Five Diamond and/or USA Transportation and

for each such individual, identify the dates, manner, method, substance, and locations (if in person) of Diniz's communications.

6. Identify all SP Plus customers (including, but not limited to, prospective customers) with whom Diniz communicated including, but not limited to, via email or text message, in connection with his prospective or actual work on behalf of Five Diamond and/or USA Transportation and for each such customer, identify the individual with whom Diniz communicated, dates, manner, method, substance, and locations (if in person) of his communications.

Respectfully submitted,

SP PLUS LLC,

By its attorneys,

*/s/* Timothy D. Elliott
Timothy D. Elliott
   telliott@rathjelaw.com
RATHJE WOODWARD LLC
300 E. Roosevelt Road, Suite 220
Wheaton, Illinois 60187
Phone: (630) 510-4910
Fax: (630) 668-9218

Russell Beck, MA BBO No. 561031
   rbeck@beckreed.com
Stephen D. Riden, MA BBO No. 644451
   sriden@beckreed.com
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Phone: (617) 500-8660
Fax: (617) 500-8665

Dated: March 19, 2025                               *Pro Hac Vice Application Forthcoming*

**Exhibit B**