# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SP PLUS LLC, <br><br> Plaintiff, <br><br> v. <br><br> DAVIS DINIZ, <br><br> Defendant. | Case No. |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DAVIS DINIZ [EXPEDITED]**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff SP Plus LLC ("SP Plus" or the "Company") hereby propounds its First Set of Requests for Production of Documents to Defendant Davis Diniz ("Diniz") as set forth below and requests that Diniz serve copies of the requested documents to counsel for SP Plus pursuant to the Federal Rules of Civil Procedure or as may be ordered by the Court pursuant to SP Plus's Motion for Expedited Discovery.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, SP Plus hereby requests that Diniz produce the original of all documents designated herein and allow SP Plus or its counsel to inspect and copy said documents. Said production and inspection shall occur at the offices of Rathje Woodward LLC, 300 E. Roosevelt Road, Suite 220, Wheaton, Illinois 60187, unless an agreement to the contrary is reached, in writing, between the parties.

These Requests for Production of Documents shall be of a continuing nature, and Diniz's responses thereto shall be supplemented from time to time as required by the Federal Rules of

**Exhibit C**

Civil Procedure.

## **INTRODUCTION AND DEFINITIONS**

A. As used herein, the term "Defendant" shall refer to Defendant Davis Diniz, as well as all agents, employees, affiliates, and representatives acting on behalf of him.

B. The term "SP Plus" shall refer to Plaintiff SP Plus LLC and its officers, directors, employees, partners, corporate parents, subsidiaries, assigns, predecessors, agents, attorneys, and any other persons acting on behalf of any of the aforementioned persons.

C. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term. The term document includes, but is not limited to email, text messages, and any other messages sent or received on any electronic platform (including, but not limited to, Teams, WhatsApp, Twitter, Facebook, LinkedIn, Facebook Messenger, WeChat, Slack, Skype, Confide, Signal, Dust, and iMessage).

D. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

E. The term "person" is defined as any natural person or corporate or other business, legal, or governmental entity or association.

F. The term "relate" means concerning, referring to, describing, evidencing, or constituting.

G. The term "Bodenhamer" shall refer to William H. Bodenhamer, Jr.

H. The term "the Former Employees" shall refer to former SP Plus employees Diniz,

**Exhibit C**

Dan Brown, and Kristopher Horgan.

    I.       The term "Five Diamond" shall refer to Five Diamond Parking LLC.

    J.       The term "USA Transportation" shall refer to USA Transportation, a company which was started by Bodenhamer and is related to Five Diamond Parking LLC.

    K.      The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation (including its relationship to other events).

    L.       The conjunctive shall include the disjunctive, and the disjunctive shall include the conjunctive.

    M.     The singular shall include the plural, and the plural shall include the singular.

    N.      If in response to any Request for Production there is any response that is not fully given because of a claim of privilege or "work product," describe the substance or content of the underlying information for which a privilege is asserted and the basis for the claim of privilege with sufficient detail to permit evaluation of the claim. You are required to answer the Request for Production to the extent that it is not subject to the objection or privilege.

    O.      If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing: (a) the date, name, and subject matter of the document; (b) the name, employment and title of each person who prepared, received, reviewed, or had custody, possession, or control of the document; (c) all persons with knowledge of the contents of any portion of the contents of the document; (d) the previous location of the document; (e) the date of disposal or transfer of the document; (f) the reason for disposal or transfer of the document; and, if applicable, (g) the manner of disposal of the document; or, if applicable, (h) the names and addresses of the transferees of the document.

    P.       These Requests for Production are deemed continuing to the extent provided by

Exhibit C

the Federal Rules of Civil Procedure. If after answering these Requests for Production Diniz obtains or becomes aware of any further responsive information, SP Plus requests that Diniz update and amend his responses herein.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS

1. All documents reflecting communications about the recruitment and hiring of Diniz and/or any other SP Plus current or former employee by Five Diamond and/or USA Transportation.

2. All documents reflecting all terms and conditions of any employment or consulting relationship proposed to Diniz related to Five Diamond and/or USA Transportation, including, but not limited to, job postings, offer letters, contracts, agreements, job descriptions, and communications between Diniz and/or USA Transportation regarding employment or a consulting relationship.

3. All emails, text messages, and other communications between Diniz and Five Diamond and/or USA Transportation, or any persons acting or purporting to act on behalf of Five Diamond and/or USA Transportation, regarding the scope of his job duties at SP Plus, SP Plus's business information, and the disclosure (if any) of his noncompete, customer nonsolicit, employee nonsolicit, nondisclosure restrictions and other contractual to SP Plus.

4. All communications between Diniz and any SP Plus customers (including, but not limited to, prospective customers).

5. All documents, including but not limited to, emails and text messages, concerning Diniz's employment with, or resignation from, SP Plus, including but not limited to documents that Diniz downloaded, transferred, shared, uploaded, emailed, saved, screen-shotted, printed,

4

Exhibit C

copied, scanned, faxed, and/or otherwise took or obtained from SP Plus.

6. All documents and materials that were created, developed, or obtained by SP Plus, or that Diniz created on behalf of, developed on behalf of, or obtained from SP Plus.

7. All documents and materials reflecting the transmission, discussion, sharing, use, saving, or printing of any documents or materials that Diniz obtained, saved, created and/or accessed while Diniz was employed by SP Plus with any non-SP Plus entity or person, including, but not limited to, Five Diamond and/or USA Transportation, Bodenhamer, and the Former Employees.

8. Produce for forensic imaging (pursuant to a mutually-agreeable forensic protocol and by a mutually-agreeable forensic neutral) all online accounts (*e.g.*, Gmail), computers, smartphones, hard drives, and external storage devices such as thumb or flash drives, in Diniz's possession, custody, or control, that are being, or have been used, in connection with his work for or on behalf of SP Plus, Five Diamond Parking LLC, and/or USA Transportation, including all such accounts and devices on or in which documents and communications responsive to these Requests for Production or to Plaintiff's First Set of Interrogatories [Expedited] were stored or otherwise reside or resided.

**Exhibit C**

Respectfully submitted,

SP PLUS LLC,

By its attorneys,

*/s/* Timothy D. Elliott
Timothy D. Elliott
  *telliott@rathjelaw.com*
RATHJE WOODWARD LLC
300 E. Roosevelt Road, Suite 220
Wheaton, Illinois 60187
Phone: (630) 510-4910
Fax: (630) 668-9218

Russell Beck, MA BBO No. 561031
  *rbeck@beckreed.com*
Stephen D. Riden, MA BBO No. 644451
  *sriden@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Phone: (617) 500-8660
Fax: (617) 500-8665

Dated: March 19, 2025   *Pro Hac Vice Application Forthcoming*

**Exhibit C**