UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SP PLUS LLC, <br><br> Plaintiff, <br><br> v. <br><br> DAVIS DINIZ, <br><br> Defendant. | Case No. 25-cv-02563 |

**DECLARATION OF STEPHEN D. RIDEN REGARDING EFFORTS TO PROVIDE NOTICE AND SERVICE OF PROCESS UPON DEFENDANT DAVIS DINIZ**

I, STEPHEN D. RIDEN, affirm as follows:

1. I am a partner at the law firm Beck Reed Riden LLP, in Boston, Massachusetts, and I am an attorney for SP Plus LLC ("SP Plus").

2. I am over the age of twenty-one years and have never been convicted of a felony or crime of moral turpitude and am competent to make this declaration. All statements in this Declaration are based on my personal knowledge and belief and/or based on information that was provided to me, they are true and correct, and they are made under penalty of perjury.

3. Through this Declaration, I am providing an account of efforts that have been made to serve process on Defendant Davis Diniz, and to otherwise provide him notice of the pending action.

4. On March 25, 2025, I was informed by the process server, Joseph S. Marker, Jr., retained on behalf of SP Plus to serve process on Mr. Diniz that attempts were made on the following dates at his home address in Florida:

  a. March 15, 2025, at 9:46 AM: Mr. Marker visited Mr. Diniz's residence and encountered a secured gate of the fenced-in property, with no intercom or doorbell on the gate.

  b. March 17, 2025, at 8:53 AM: Mr. Marker visited Mr. Diniz's residence and encountered a secured gate of the fenced-in property with no access, so he left a business card on Mr. Diniz's mailbox.

  c. March 19, 2025, at 4:09 PM: Mr. Marker visited Mr. Diniz's residence and encountered a secured gate of the fenced-in property with no access, and he observed that his business card was still on the mailbox.

  d. March 22, 2025, at 9:07 AM: Mr. Marker visited Mr. Diniz's residence and encountered a secured gate of the fenced-in property with no access, and he observed that his business card was still on the mailbox.

5. It is my understanding that, following his March 22, 2025, visit to Mr. Diniz's residence, Mr. Marker has since undertaken additional efforts to serve Mr. Diniz, and I am currently awaiting a report on those additional efforts.

6. Based on publicly-available information, Mr. Diniz's residence (11761 NW 11th Street Plantation, FL 33323) is surrounded on all sides by a fence, and his front door is inaccessible if the gate is secured. A photo of Mr. Diniz's residence (available on Google Maps on April 3, 2025) is below:



7. In addition to SP Plus's efforts to effectuate service of process on Mr. Diniz through a process server, I sent emails to him – each one providing him notice of this action and/or requesting his response – on the following dates:

a. March 12, 2025. A copy of this email is attached hereto as Exhibit 1.

b. March 12, 2025. A copy of this email is attached hereto as Exhibit 2.

c. March 13, 2025. A copy of this email is attached hereto as Exhibit 3.

d. March 19, 2025. A copy of this email is attached hereto as Exhibit 4. This email attached copies of, *inter alia*, the Verified Complaint (Dkt. No. 1), Plaintiff's Motion for Expedited Discovery, a Preservation Order, and a Protective Order (the "Motion," Dkt. No. 5), and Memorandum in Support of the Motion (the "Memorandum," Dkt. No. 6).

e. March 20, 2025. A copy of this email is attached hereto as Exhibit 5. This email attached copies of, *inter alia*, the Complaint, Motion, and Memorandum.

f. March 21, 2025. A copy of this email is attached hereto as Exhibit 6.

g. March 21, 2025. A copy of this email is attached hereto as Exhibit 7. This email attached a copy of the Summons.

h. March 21, 2025. A copy of this email is attached hereto as Exhibit 8. This email attached copies of, *inter alia*, the Complaint, Motion, and Memorandum.

i. March 25, 2025. A copy of this email is attached hereto as Exhibit 9. This email attached copies of, *inter alia*, the Complaint, Summons, Motion, and Memorandum.

j. April 1, 2025. A copy of this email is attached hereto as Exhibit 10. This email attached copies of, *inter alia*, the Complaint, Summons, Motion, and Memorandum.

k. April 1, 2025. A copy of this email is attached hereto as Exhibit 11. This email documents the fact that I left a voicemail for him that day on a cell phone that I believe (based on publicly-available information) is Mr. Diniz's personal phone.

l. April 4, 2025. A copy of this email is attached hereto as Exhibit 12. This email attached copies of, *inter alia*, the Complaint, Summons, Motion, and Memorandum.

8. The foregoing emails were all sent to an email address that I understand is Mr. Diniz's personal email address, based on his pre-suit communications. In addition, I have accessed publicly-available records to identify additional email addresses associated with Mr. Diniz, and have variously used those addresses as well in connection with my efforts to reach Mr. Diniz.

9. In addition to my efforts to reach Mr. Diniz by email and phone, I sent him hardcopies of the pleadings as follows:

    a. On March 19, 2025, I sent Mr. Diniz a letter via email (*see* Exhibit 4) and FedEx (Tracking ID 772836213290) enclosing copies of the Motion, Memorandum, and Complaint. A copy of this letter is attached hereto as <u>Exhibit 13</u>. According to FedEx's tracking records, this package was delivered to his residence on March 20, 2025, and affixed to his gate as shown in the photo below:




    b. On March 25, 2025, I sent Mr. Diniz a letter via email (*see* Exhibit 9) and U.S. Postal Service, Priority Mail (Tracking ID 9405 5301 0935 5122 2149 17) enclosing copies of the Complaint, Summons, Motion, and Memorandum. A copy of this letter is attached hereto as <u>Exhibit 14</u>. According to U.S.P.S. tracking records, this package was delivered "in or at the mailbox at 4:45 pm on March 31, 2025."

10. On March 19, 2025, I sent an email to Attorney Tanya Bower, who is the attorney for the company identified as Mr. Diniz's employer in the Complaint (¶ 4). A copy of this email is attached hereto as <u>Exhibit 15</u>. This email attached copies of, *inter alia*, the Complaint, the Motion, and the Memorandum. In response, Ms. Bower replied that she would forward the email to her client, along with a request that the information be sent to Mr. Diniz. A copy of Ms. Bower's March 19, 2025, email is attached hereto as <u>Exhibit 16</u>.

11. Despite the foregoing efforts, Mr. Diniz has not communicated in any fashion whatsoever with me or my law firm.

_____
Stephen D. Riden

MA BBO No. 644451
*Admitted Pro Hac Vice*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Phone: (617) 500-8660
sriden@beckreed.com

Dated: April 4, 2025