# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SP PLUS LLC,

    Plaintiff,

v.

DAVIS DINIZ,

    Defendant.

Case No. 25-cv-02563

## JOINT NEW CASE STATUS REPORT

Plaintiff SP Plus LLC ("SP Plus" or the "Company") and Defendant Davis Diniz, by and through their undersigned counsel, hereby submit the following New Case Status Report in accordance with the March 12, 2025, Notification of Docket Entry (Dkt. No. 4).

**(1) The Nature of the Case**

a. Attorneys of record for each party, including the lead trial attorneys.

    i. <u>Counsel for Plaintiff</u>

    Stephen D. Riden, MA BBO No. 644451
    *Admitted Pro Hac Vice*
    BECK REED RIDEN LLP
    155 Federal Street, Suite 1302
    Boston, Massachusetts 02110
    Phone: (617) 500-8660
    *sriden@beckreed.com*

    Timothy D. Elliott
    Raymond J. Sanguinetti
    RATHJE WOODWARD LLC
    300 E. Roosevelt Road, Suite 220
    Wheaton, Illinois 60187
    Phone: (630) 510-4910
    *telliott@rathjelaw.com*

    ii. <u>Counsel for Defendant</u>

    Abhishek Ramaswami
    Illinois Bar No. ARCDC No. 6350613
    Cadogan Law
    1200 S. Pine Island Rd., Ste 370
    Plantation, FL 33324
    Phone: (954)606-5891
    *ab@cadoganlaw.com*

    Gina Cadogan, *Admitted Pro Hac Vice*
    Fla. Bar No. 177350
    Cadogan Law
    1200 S. Pine Island Road, Ste. 370
    Plantation, FL 33324
    Phone: (954) 606-5891
    *gina@cadoganlaw.com*

b. <u>Basis for federal jurisdiction</u>: Plaintiff alleges in the Complaint that the basis for federal jurisdiction is 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, and this Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves a cause of action arising under the Federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, *et seq*.

c. <u>Nature of the claims asserted in the complaint and any counterclaims, including relief sought</u>: Plaintiff alleges in the Complaint that Defendant Diniz, a former employee of SP Plus, violated the terms of his employment agreement when he accepted a job with a competitor and misappropriated SP Plus's confidential information. The Complaint asserts claims for violation of the Defendant Trade Secrets Act and Illinois Trade Secrets Act (or, in the alternative, the Florida Uniform Trade Secrets Act), breach of contract, and breach of fiduciary duty of loyalty. The Complaint seeks damages and equitable relief. Defendant has not asserted any Counterclaims, but generally denies the allegations of wrongdoing against him.

**(2) Pending Motions and Case Plan**

a. <u>Pending motions</u>.

    i. Plaintiff's Motion for Rule to Show Cause as to Why Defendant Davis Diniz Should Not Be Held in Civil Contempt of Court (Dkt. No. 25).

    ii. Defendant's Motion to Transfer Venue to the Southern District of Florida Under Sections 1391 and 1404 [DE 27].

    b. <u>Proposed Discovery Plan</u>.

        i. Generally, the parties expect to exchange written discovery requests (requests for production of documents, interrogatories, and requests for admissions), and to take depositions.

        ii. Each side will serve their first set of document requests and interrogatories on or before June 18, 2025.

        iii. If there will be expert discovery relevant to dispositive liability motions, expert discovery will be completed on or before April 30, 2026, and expert reports will be due on or before April 15, 2026;

        iv. Liability discovery will be completed on or before March 27, 2026;

        v. The deadline to amend pleadings is June 11, 2025.

    c. <u>E-Discovery</u>. Discovery will encompass electronically stored information, and the parties plan to ensure that such discovery proceeds appropriately through the negotiation of an ESI protocol. The parties are hopeful that there will not be any electronic discovery disputes.

    d. A jury trial has been requested by Plaintiff. Trial will likely span 3 to 5 days.

**(3) Consent to Proceed Before a Magistrate Judge**

The parties do not unanimously consent to proceed before a Magistrate Judge.

**(4) Status of Settlement Discussions**

Settlement discussions to resolve the case in its entirety, as follows: (a) Defendant delivered a settlement proposal on April 17, 2025, and (b) Plaintiff delivered a settlement proposal on May 19, 2025. To date, the parties have not resolved this matter. The parties do not request a settlement conference before the Magistrate Judge assigned to the case.

Dated: May 21, 2025

Respectfully submitted,

SP PLUS LLC,

By its attorneys,

*/s/ Stephen D. Riden*
Stephen D. Riden, MA BBO No. 644451
*Admitted Pro Hac Vice*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Phone: (617) 500-8660
*sriden@beckreed.com*

Timothy D. Elliott
RATHJE WOODWARD LLC
300 E. Roosevelt Road, Suite 220
Wheaton, Illinois 60187
Phone: (630) 510-4910
*telliott@rathjelaw.com*

DAVIS DINIZ,

By his attorneys,

*/s/ Gina Cadogan*
Abhishek Ramaswami
Cadogan Law
1200 S. Pine Island Rd., Ste 370
Plantation, FL 33324
Phone: (845) 706-9300
*ab@cadoganlaw.com*

Gina Cadogan
*Admitted Pro Hac Vice*
Cadogan Law
1200 S. Pine Island Road, Ste. 370
Plantation, FL 33324
Phone: (954) 606-5891
*gina@cadoganlaw.com*

## CERTIFICATE OF SERVICE

      I, Stephen D. Riden, an attorney admitted *pro hac vice*, hereby certify that on May 21, 2025, I caused a copy of the foregoing Joint New Case Status Report to be filed with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure 5(b)(2)(D) pursuant to Local Rule 5.9 of the Northern District of Illinois.

                                               */s/ Stephen D. Riden*
                                               Stephen D. Riden