UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SP PLUS LLC<br><br>v.<br><br>DAVIS DINIZ | No. 25 CV 2563<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

SP Plus brings this lawsuit against its former employee, Davis Diniz, for allegedly misappropriating SP Plus's trade secrets, breaching the parties' confidentiality and non-compete agreement, and breaching his fiduciary duties to SP Plus. Diniz moves to transfer this case to the Southern District of Florida. R. 28. For the following reasons, that motion is denied.

**Background**

Diniz is a former SP Plus employee who worked and resided in south Florida. SP Plus alleges that Diniz resigned, took confidential information with him on his way out, and began working with a competitor. Diniz had signed a confidentiality and non-compete agreement with SP Plus, which included a forum selection clause that stated: "[Diniz] agrees and consents to the exclusive jurisdiction for any matter arising out of this Agreement or interpreting this Agreement in the state and federal courts of Chicago, Illinois." R. 1-1 at 6. Despite this clause, Diniz argues that venue is more convenient in the Southern District of Florida because the witnesses and customers are located there, the evidence is there, the events that gave rise to this case occurred there, and the burden on Diniz to litigate in the Northern District of

1

Illinois outweighs any burden on SP Plus to litigate in the Southern District of Florida.

**Discussion**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Forum-selection clauses are given "controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. of Tex.*, 571 U.S. 49, 63 (2013) (internal citation and quotation omitted). "[S]ection 1404(a) may not be used to make an end run around" an enforceable forum selection clause. *Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990). As the party resisting the application of the forum-selection clause, Diniz has the burden to justify a transfer contrary to the terms of that clause. *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020). Deciding a transfer motion is within the district court's discretion. *See Coffey v. Van Dorn Iron Works*, 769 F.2d 217, 219 (7th Cir. 1986).

Normally, when a court analyzes whether to transfer a case under §1404(a), it considers both the parties' private interests and the public's interest. *See Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 976 (7th Cir. 2010). The parties' private interests include convenience of the parties and witnesses, the situs of the material events, ease of access to evidence, and "other practical problems that make trial of a case easy, expeditious and inexpensive." *See Piper Aircraft Co. v.*

2

*Reyno*, 454 U.S. 235, 241 n.6 (1981); *Dale v. Deutsche Telekom AG*, No. 22 C 03189, 2022 WL 6123365, at *2 (N.D. Ill. Oct. 7, 2022). However, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 571 U.S. at 64. Accordingly, courts "must deem the private-interest factors to weigh entirely in favor of the preselected forum," and "may consider arguments about public-interest factors only," which are rarely enough to warrant a transfer. *Id.* Therefore, Diniz's arguments about the location of the evidence and witnesses, the situs of the events, and the burdens of litigating in the Northern District of Illinois are not instructive and do not convince the Court that venue is more appropriate in the Southern District of Florida.

Instead, the Court must consider the public interest, which relates to the "efficient administration of the court system" rather than the private interests of the parties. *Rsch. Automation*, 626 F.3d at 978. Courts consider several factors, such as: "docket congestion and likely speed to trial" in the forums; "each court's relative familiarity with the relevant law;" and a community's interest in resolving and relationship to the controversy. *Ryze*, 968 F.3d at 708. First, Diniz cites a 2011 table produced by the Administrative Office which shows that the median time interval between a case being filed and being brought to trial is longer in the Northern District of Illinois compared to the Southern District of Florida. Because the congestion and lead-up time in this district may be greater than most districts, this factor weighs in Diniz's favor. The remaining factors, however, do not.

3

The parties' agreement dictates that Illinois law will apply to any disputes arising out of the agreement. SP Plus alleges under federal and Illinois law, and Florida law in the alternative, that Diniz misappropriated trade secrets. Further, SP Plus alleges that Diniz breached his fiduciary duties under Illinois law. This Court is a federal court residing in Illinois, and thus is familiar with both federal and Illinois law. And it can, if needed, apply the law of a different jurisdiction. Accordingly, this Court's relative familiarity with the relevant law weighs against transfer. The last factor is less clear because there are community interests on both sides. But ultimately, SP Plus has its principal place of business in Chicago and the parties entered an agreement listing Chicago as the chosen forum. Diniz presents no extraordinary circumstances to defeat the parties' chosen forum selection clause.

## Conclusion

For these reasons, Diniz's motion to transfer is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: July 3, 2025